■ In the Matter of ENGELMAN AND COMPANY, AGENTS, Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Bastow, JJ.

■ In the Matter of REEVES BROS., INC., Appellant, against TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.— Final order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Bastow, JJ.

■ ATLAS SUPPLY COMPANY, INC., Respondent, v. COLGATE CONTRACTING, INC., Appellant.— Determination of the Appellate Term and the judgment of the Municipal Court unanimously reversed on the law and on the facts and complaint dismissed, with costs and disbursements to defendant-appellant in this court and $30 costs and disbursements in the Appellate Term. Plaintiff has failed to establish any negligence on the part of the defendant. The claim that the doctrine of *res ipsa loquitur* is applicable is clearly without merit. This fire, of unexplained origin, could have been caused by any number of circumstances over which the defendant would have no control. Moreover the employees of the plaintiff were present at the scene when the fire originated and were in an equal if not even better position than defendant to explain its origin. It cannot be said, therefore, that it became the duty of defendant to account for this accident inasmuch as there could be no presumption of negligence on the facts of this case. It may be noted that although there was evidence that the pit contained inflammable material the plaintiff's witnesses testified that the fire did not occur in the pit. Accordingly, the complaint should have been dismissed. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Bastow, JJ.

■ THOR ECKERT & CO., INC., Respondent-Appellant, v. JOHN W. ROUTSIS, Appellant-Respondent.— Order so far as appealed from unanimously affirmed, without costs. In addition to the defects in the pleading indicated by Special Term, we call attention to the fact that paragraph 29 merely alleges conclusions. Nor does the pleading state that the defendant relied upon the representations allegedly made by the plaintiff. A comparison of paragraphs 25 and 29 indicates that no consummated joint venture, upon which the defendant relied, or which induced him to change his position, or caused him to suffer a loss, is pleaded. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Bastow, JJ.

■ SAMUEL S. BERGER et al., Respondents, v. JOSEPH MOOK et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., M. M. Frank, Valente, Stevens and Bastow, JJ. [15 Misc 2d 1095.]

■ RUTH B. NIMAN, Appellant, v. M. ROBERT NIMAN, Respondent.— Judgment so far as appealed from unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., M. M. Frank, Valente, Stevens and Bastow, JJ. [15 Misc 2d 1095.]