■ JAYS CREATIONS, INC., Appellant, v. HERTZ CORPORATION, Defendant and Third-Party Plaintiff-Respondent. EXCELLENT TRUCKING CO., INC., Third-Party Defendant.— Judgment, Supreme Court, New York County, entered on June 22, 1972, dismissing the complaint and the third-party complaint at the close of plaintiff's case on a trial before the court and a jury, unanimously modified, on the law, to reverse the dismissal of the complaint, and a new trial directed as against defendant, with $60 costs and disbursements of this appeal to abide the event. Plaintiff offered proof at the trial that respondent, the Hertz Corporation, accepted for overnight storing, a truck, loaded with merchandise. The truck had been leased by the third-party defendant from Hertz. The merchandise was plaintiff's property. The record sustains plaintiff's contention that it established a prima facie case. Plaintiff's witness, Ravenell, testified that when he left the truck at the Hertz garage on January 30, 1969 he told a Hertz employee that it was loaded and that he would call for it early the following morning and he gave the ignition key to a Hertz employee who parked the vehicle in the garage. The next morning the truck was missing. The truck was later found, but not the merchandise. Plaintiff has offered uncontradicted evidence of delivery, acceptance and failure, on demand, to return its property. Under these circumstances, whether bailment was gratuitous or for compensation, a prima facie case was established. Whether in order for plaintiff to recover, the negligence was required to be gross or ordinary depended on a finding by the jury whether the bailment was compensated or gratuitous. If compensated, the degree of care owed plaintiff was ordinary. If gratuitous, the standard was freedom from gross negligence. (See *Dalton* v. *Hamilton Hotel Operating Co.*, 242 N. Y. 481; *J. W. Mays, Inc.* v. *Hertz Corp.*, 15 A D 2d 105; *Jay Howard, Inc.* v.

*Rothschild*, 16 A D 2d 628; *Hunter Trucking Co.* v. *Glatzer*, 285 App. Div. 314.) Therefore, it was error for the trial court to dismiss the complaint at the close of the plaintiff's case. Concur— Stevens, P. J., Markewich, Nunez, Kupferman and Lane, JJ.