CHRISTIAN SCHULTHEIS, Respondent, v. STEVE PRISTOURIS, Doing Business as KPK RESTAURANT, et al., Respondents; KPK RESTAURANT, INC., Sued Herein as Above, Third-Party Plaintiff-Respondent; CHEMICAL FIRE PREVENTION, INC., Third-Party Defendant-Appellant.— In a negligence action to recover damages for property injuries, the third-party defendant appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated June 7, 1973, which affirmed a judgment of the Civil Court of the City of New York, Kings County, entered June 10, 1971, in favor of plaintiff against defendant third-party plaintiff (KPK Restaurant) and in favor of the latter against the third-party defendant, after a nonjury trial and assessment of damages. Order of the Appellate Term and judgment of the Civil Court reversed, on the law and the facts as to appellant and in the interests of justice as to the defendant third-party plaintiff, with costs in this court and with $30 costs on the appeal to the Appellate Term, to the third-party defendant against plaintiff, and third-party complaint and plaintiff's complaint as against the defendant third-party plaintiff dismissed. There was not a scintilla of evidence of negligence produced by plaintiff or by the defendant third-party plaintiff. Although the damage in the latter's restaurant was determined to stem from "ignition of grease in exhaust duct

by gas and flame", there was not even a supported theory presented as to the causative factor in this ignition. Since the cause remained a mystery, there was no basis for a finding of negligence unless the conflagration could not ordinarily occur without negligence, supporting invocation of the *res ipsa loquitur* doctrine. However, there was not even enough evidence in this case to rule out the possibility of a nonnegligent cause of the fire. Therefore, the order of the Appellate Term and the judgment of the Civil Court, insofar as they are against the appellant third-party defendant should be reversed and the complaint dismissed as to said party. Further, in the interests of justice, the order and the judgment insofar as they are against the defendant third-party plaintiff should be reversed and the complaint as to this party dismissed, since the trial court made no finding of negligence against this party. Hopkins, Acting P. J., Latham, Cohalan, Christ and Brennan, JJ., concur.