■ BOARD OF EDUCATION OF ELLENVILLE CENTRAL SCHOOL, Appellant, v HERB'S DODGE SALES & SERVICE, INC., et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered September 26, 1979 in Ulster County, upon a dismissal of the complaint by the court at a Trial Term, at the close of plaintiff's case. Plaintiff entered into a written agreement with defendant Herb's Dodge Sales and Service, Inc. (Herb's) whereby defendant would store and service plaintiff's buses at defendant's garage. Thereafter a fire of unknown origin destroyed five of plaintiff's buses and also portions of the garage. The instant action based in negligence was brought against defendant to recover damages for the loss of the buses. At trial, the case was dismissed at the end of plaintiff's case on the grounds that plaintiff had failed to make out a prima facie case. This appeal ensued. The plaintiff raises three issues in urging reversal. It contends that the court erred in excluding the testimony of a police officer concerning statements made to him by an employee of defendant about the cause of the fire; that the court erred in holding that *res ipsa loquitur* was not applicable to the case; and that it did make out a prima facie case of negligence based on a bailment relationship between the parties. As to the first issue, the record demonstrates that one Charles Trojan, in his early 20's, was an employee of Herb's at the time of the fire. His duties, among other things, included sweeping and cleaning the buses, running service calls and sometimes gassing up the buses. A police officer who investigated the fire questioned Trojan about the circumstances surrounding it. The officer was asked on direct examination "Did he [Trojan] tell you what happened?" The question was objected to and the officer was not permitted to answer. The record also reveals that the individual in charge of the garage told the officer he was to take no statements from employees. An admission by an agent or servant is admissible against the employer as an

exception to the hearsay rule only if it is within the scope of the authority of the agent to speak on the matter and made while the agent was acting within the scope of his employment *(Brusca v El Al Israel Airlines,* 75 AD2d 798). The record demonstrates that any statements made by Trojan were not a part of the *res gestae.* Furthermore, the cases relied upon by plaintiff are clearly distinguishable since they pertain to statements made by one in authority. Here the employee was more of a handyman without authority to bind his employer. The court, therefore, properly excluded the testimony *(Maggio v Mid-Hudson Chevrolet,* 34 AD2d 567). We now pass to the issue of whether the doctrine of *res ipsa loquitur* applied. We agree with the trial court that under the circumstances present here, it did not. Concededly, the cause of the fire was unknown. This being so, there was no basis for finding that the cause of the fire was of negligent origin *(Schultheis v Pristouris,* 45 AD2d 864). Furthermore, the plaintiff has failed to establish that defendant had exclusive control over the agency or instrumentality which caused the fire (see *Cooke v Bernstein,* 45 AD2d 497, 500). Finally, for the first time on this appeal, plaintiff argues that a bailment was created between the parties with respect to the buses and, consequently, a prima facie case based on negligence was established. While the word bailment is not used in the complaint, a fair reading of it did permit proof of bailment at trial. The record also demonstrates a factual question as to whether the parties intended to or did create a bailment. Such a question, therefore, would have to be resolved by the trier of the facts *(Osborn v Cline,* 263 NY 434, 437). If it were determined by the trier of the facts that a bailment had been established, then defendant owed plaintiff a duty to exercise ordinary care to prevent damage to the buses *(Jays Creations v Hertz Corp.,* 42 AD2d 534). Where a bailment is created, a showing that the buses were delivered to the bailee and returned in a damaged condition establishes a prima facie case of negligence and the burden shifts to the bailee to demonstrate that it exercised ordinary care (2B Warren Negligence, Garage Owners, § 3.02[1], pp 395, 396). Since the complaint was dismissed at the end of plaintiff's case, upon this appeal plaintiff is entitled "to assume the establishment by adequate evidence of every issue upon which [it relies] concerning which there is some evidence, and the motion to dismiss should not have been granted in the trial court unless upon any issue there can be said to be in support thereof no evidence and no substantial inferences" *(African Metals Corp. v Bullowa,* 288 NY 78, 81). Upon consideration of the entire record, we are of the opinion that the court erred in dismissing the complaint and there must be a reversal. Judgment reversed, on the law and the facts, and matter remitted for a new trial, with costs to abide the event. Mahoney, P. J., Sweeney, Main, Mikoll and Herlihy, JJ., concur.