■ Christine Sohn, Appellant, v Richard H. Sand, Respondent.—In an action, *inter alia,* to recover damages for dental malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Namm, J.), entered October 19, 1989, which, upon (1) a ruling made at the close of the plaintiff's case granting the defendant's motion to dismiss the plaintiff's first cause of action sounding in dental malpractice, (2) a jury verdict in favor of the defendant as to the second cause of action, and (3) an order entered October 5, 1989, which denied his motion, pursuant to CPLR 4404 (a), to set aside the verdict or for a new trial, dismissed the complaint. The plaintiff's notice of appeal from the order entered October 5, 1989, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, without costs or disbursements.

In October 1983, the plaintiff visited the defendant, Richard Sand, a dentist and oral surgeon, to whom she had been referred by another dentist. The defendant examined the plaintiff and concluded that she had an acute periapical abscess involving the mandibular second molar on the left side. He then performed a surgical procedure known as trephination, which involved drilling a hole in the bone below the roots of the tooth to allow the inflamed fluids to escape. Following the surgery the plaintiff was found to be suffering from paresthesia, i.e., numbness of the left side of the face.

The plaintiff subsequently commenced this action to recover damages for dental malpractice and lack of informed consent.

At the jury trial, upon the defendant's motion at the close of the plaintiff's case, the court dismissed the cause of action to recover damages for dental malpractice, on the ground that the plaintiff had failed to establish a prima facie case. The jury returned a verdict in favor of the defendant on the remaining cause of action to recover damages for lack of informed consent. The court denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict.

The plaintiff contends that the court erred in dismissing the cause of action to recover damages for dental malpractice and that the dismissal thereof prejudiced her case before the jury to recover damages for lack of informed consent. We disagree.

Although the plaintiff's expert, Dr. Eisenberg, testified that in his opinion the angle of trephination was such that it caused entrance into the mandibular canal and severed some nerve fibers of the interior alveolar, he did not expressly state that the defendant's conduct constituted a deviation from the requisite standard of care (see, Salzman v Alan S. Rosell, D.D.S., P. C., 129 AD2d 833, 835). Proof that the defendant's conduct constitutes a deviation from the requisite standard of care could only be adduced by expert opinion testimony (Salzman v Alan S. Rosell, D.D.S., P. C., supra; Guillari v Gormley, 142 AD2d 927). In this regard "the opinion as an ultimate fact cannot be inferred, absent an express statement to that effect" (Salzman v Alan S. Rosell, D.D.S., P. C., supra, at 835).

Furthermore, contrary to the plaintiff's contention, we are of the view that the doctrine of res ipsa loquitur is inapplicable to the facts of this case (see, Fogal v Genesee Hosp., 41 AD2d 468, 475; Schoch v Dougherty, 122 AD2d 467, 469). Under the circumstances, the court properly ruled that the plaintiff failed to make out a prima facie case.

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.