■ NORTH STAR CONTRACTING CORP., Appellant, v BURTON F. CLARK, INC., Respondent. (Action No. 1.) NORTH STAR CONTRACTING CORP. et al., Appellants, v BURTON F. CLARK, INC., Respondent. (Action No. 2.) [625 NYS2d 918] —In two consolidated actions, inter alia, to recover damages for property damage, the plaintiff appeals from (1) a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated April 27, 1993, which, upon an order dated March 26, 1993, granting the defendant's motion for summary judgment to dismiss the complaints, is in favor of the defendant and against it dismissing the complaints and (2) so much of an order of the same court, entered July 14, 1993, as, upon reargument of the defendant's motion for summary judgment, adhered to its original determination. The plaintiff's notice of appeal from the order entered March 26, 1993, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the appeal from the judgment is dismissed as the judgment was superseded by the order entered July 14, 1993, made upon reargument; and it is further,

Ordered that the order entered July 14, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

We agree with the Supreme Court that the defendant is entitled to judgment, as a matter of law dismissing the complaint. The doctrine of res ipsa loquitur is not applicable here. There is no definitive evidence as to the cause of the fire that damaged the plaintiff's property (see, Schultheis v Pristouris, 45 AD2d 864; Board of Educ. v Herb's Dodge Sales & Serv., 79 AD2d 1049; Atlas Supply Co. v Colgate Contr., 8 AD2d 793).

Moreover, our conclusion remains the same even considering the memorandum prepared by two employees of the plaintiff, Pete Nowicki, Jr., and Charles Maneri, Sr., which was relied upon by the plaintiff but apparently disregarded by the Supreme Court. Mangano, P. J., Rosenblatt, Miller and Ritter, JJ., concur.