(July 10, 1995)

■ ARMANDO ALAYO, an Infant, by His Mother and Natural Guardian, ESTHER ALAYO, et al., Appellants, v CITY OF NEW YORK, Respondent. [629 NYS2d 286] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Harbater, J.), dated April 18, 1994, which, upon the defendant's motion for judgment as a matter of law made at the conclusion of the plaintiffs' case, dismissed their complaint for failure to make out a prima facie case.

Ordered that the judgment is affirmed, with costs.

We agree with the trial court that the plaintiffs failed to make out a prima facie case of negligence at trial. The

circumstantial evidence presented by the plaintiffs as to the happening of the accident failed to provide sufficient facts from which the jury could reasonably infer that the allegedly negligent design and construction of the picnic table owned by the defendant was a substantial factor in causing the infant plaintiff's injury. Moreover, the evidence failed to render the other possible causes of the injury sufficiently remote to enable the jury to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation *(see, Abdullah v City of New York,* 203 AD2d 397; *Thomas v New York City Tr. Auth.,* 194 AD2d 663).

The plaintiffs sought to reopen their case in order to ask one question of a witness. Whether to grant this request was a matter within the court's discretion *(see, Feldsberg v Nitschke,* 49 NY2d 636, 643; *Kennedy v Peninsula Hosp. Ctr.,* 135 AD2d 788, 790), and we conclude that the denial of the application was not an improvident exercise of discretion under the circumstances herein. Sullivan, J. P., O'Brien, Altman and Goldstein, JJ., concur.