■ In the Matter of ALPHONSE P., Respondent, v JOHN PALMER, Appellant. [692 NYS2d 104] —In a proceeding pursuant to CPL 330.20 (16) for a rehearing and review of a subsequent retention order of the Supreme Court, Kings County (Schneier, J.), dated April 25, 1996, the appeal, by permission, is from (1) a release order of the Supreme Court, Kings County (Rivera, J.), dated July 30, 1998, which, upon the rehearing and review, and upon denying the appellant's application to reopen the rehearing and review, terminated the petitioner's in-patient status subject to an order of conditions and (2) a resettled order of conditions of the same court, also dated July 30, 1998, which, *inter alia,* directed the petitioner to remain at Kingsboro Psychiatric Center for a period of six months with certain unescorted furlough privileges.

Ordered that the release order is reversed, without costs or disbursements, and the resettled order of conditions is vacated; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for a reopening of the rehearing and review of the subsequent retention order dated April 25, 1996, and for a new determination thereon; and it is further,

Ordered that the appeal from the resettled order of conditions dated July 30, 1998, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the release order.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion when it denied the appellant's application to reopen a rehearing and review requested by the petitioner pursuant to CPL 330.20 (*cf., Alayo v City of New York,* 217 AD2d 567). Subsequent to the hearing, Dr. Stuart M. Kirschner examined the petitioner to see if he was fit for unescorted furloughs, which would be part of a plan to reintegrate the petitioner into the community, and determined that with less supervision the petitioner "poses a significant risk for relapsing into overt psychosis and violence". Based upon Dr. Kirschner's findings, the appellant applied to reopen the hearing. The application prompted the court to order updated psychiatric reports, which in turn uncovered further information adverse to the petitioner. This new information should have been examined at a reopened hearing. At that

hearing, the appellant should be permitted to call Dr. Kirschner as a witness and cross-examine the other doctors with respect to their updated findings.

We further note that the resettled order of conditions ultimately issued by the court improperly granted the petitioner certain unescorted furloughs (*see,* CPL 330.20 [10]; 14 NYCRR part 541; *Matter of Stone v Rivera,* 253 AD2d 825). S. Miller, J. P., Joy, Goldstein and Schmidt, JJ., concur.