■ DOLORES KEIZER, Doing Business as THE BOOK COLLECTOR, Respondent-Appellant, v ROBERT D'AGOSTINO et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. BEL-ANN FUEL OIL CO., INC., Third-Party Defendant-Respondent. [708 NYS2d 335] —In an action to recover for damages to property, the defendants third-party plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Rudolph, J.), entered March 9, 1999, which, upon the denial of their motion pursuant to CPLR 4401, made at the close of the plaintiff's case for judgment in their favor as a matter of law, and upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $117,500, and the plaintiff cross-appeals from so much of the same judgment as failed to award her punitive damages and separately appeals from an order of the same court entered June 18, 1999, which denied her motion for treble damages pursuant to RPAPL 853.

Ordered that the judgment is reversed, on the law, the

defendants' motion for judgment as a matter of law is granted, and the complaint is dismissed; and it is further,

Ordered that the cross appeal from the judgment and the appeal from the order dated June 18, 1999, are dismissed as academic in light of our determination of the appeal from the judgment; and it is further,

Ordered that the defendants and the third-party defendant are awarded one bill of costs payable by the plaintiff.

The plaintiff's inventory was damaged during a fire in the building where she leased commercial space from the defendants. The fire department's report attributed the cause of the fire to a malfunction in the defendants' oil furnace, located in the basement of the building beneath the plaintiff's store. The defendants maintained a service contract with the third-party defendants Bel-Ann Fuel Oil to provide oil and service the furnace in response to the defendants' requests.

At trial the plaintiff failed to adduce any evidence that the defendants received notice prior to the fire of a defective condition in the furnace (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *George v Big V. Supermarkets,* 258 AD2d 438; *North Star Contr. Corp. v Burton F. Clark, Inc.,* 214 AD2d 550). Accordingly, the plaintiff failed to establish a prima facie case and the defendants were entitled to judgment as a matter of law (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972).

In light of our determination, we need not reach the parties' remaining contentions. Thompson, J. P., Friedmann, Florio and Smith, JJ., concur.