■ KAREN BRISCOE-REED, Formerly Known as KAREN BRISCOE, Appellant, v SILICON VALLEY GROUP et al., Respondents, et al., Defendants. [774 NYS2d 829]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Hillery, J.), dated January 30, 2003, which granted the separate motions of the defendants Silicon Valley Group and Elmsford Sheet Metal Works, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court (Tolbert, J.), entered March 2, 2003, which, upon the order, dismissed the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The respondents established their entitlement to judgment as a matter of law by demonstrating that they did not introduce chemicals into the plaintiff's workplace that caused or contributed to her injuries or illness. In opposition, the plaintiff, by failing to identify either the particular chemical or substance to which she was exposed, or the person or entity that introduced or released it into her workplace, failed to raise a triable issue of fact as to the respondents' negligence (*see Miller v Akron*

*Paint & Varnish,* 254 AD2d 464, 465 [1998]; *Cawein v Flintkote Co.,* 203 AD2d 105 [1994]). The plaintiff also failed to raise a triable issue of fact as to whether any of the particular chemicals or substances actually used by the respondents initiated, produced, or proximately caused her injuries or illness (*see Schimmenti v Ply Gem Indus.,* 156 AD2d 658, 659-660 [1989]). Causes other than the respondents' alleged negligence were not rendered sufficiently remote to enable the trier of fact to have found in favor of the respondents "based upon the logical inferences to be drawn from the evidence and not upon speculation" (*Michel v Gressier,* 298 AD2d 507, 508 [2002]; *see Rendinaro v City of New York,* 254 AD2d 342 [1998]; *Alayo v City of New York,* 217 AD2d 567, 568 [1995]; *cf. Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743, 744 [1986]).

Accordingly, the Supreme Court properly granted the respondents' separate motions for summary judgment dismissing the complaint insofar as asserted against them.

In light of the foregoing, we do not reach the parties' remaining contentions. Altman, J.P., Florio, Smith and Rivera, JJ., concur.