■ ROBERT NICHOLS, Appellant, v DAVID STAMER et al., Defendants, and ORTHOPEDIC ASSOCIATES OF DUTCHESS COUNTY, P.C., Respondent. [854 NYS2d 220]—

To be entitled to judgment as a matter of law pursuant to CPLR 4401, the defendant has the burden of showing that, upon viewing the evidence in the light most favorable to the plaintiff, the plaintiff has not made out a prima facie case (*see Godlewska v Niznikiewicz*, 8 AD3d 430, 431 [2004]; *Lyons v McCauley*, 252 AD2d 516, 517 [1998]; *Hughes v New York Hosp.-Cornell Med. Ctr.*, 195 AD2d 442, 443 [1993]; *Colozzo v LoVece*, 144 AD2d 617, 618 [1988]). The court may grant the motion only if there is no rational process by which the jury could find for the plaintiff against the moving defendant (*see Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]).

"To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach of the standard was the proximate cause of injury" (*Berger v Becker*, 272 AD2d 565, 565 [2000] [citations omitted]; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). "Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause" (*Lyons v McCauley*, 252 AD2d 516, 517 [1998], citing *Koehler v Schwartz*, 48 NY2d 807 [1979]).

The instant case concerns the treatment of the plaintiff's left leg for "compartment syndrome." The leg contains four compartments, each of which contains muscles, arteries, and nerves. A bad fracture, such as the one sustained by the plaintiff, can increase the pressure in one of these compartments. Increased pressure can impede blood flow through the capillaries in the compartment, which can damage the muscular, vascular, and nervous tissue in the compartment. The pressure can be relieved by performing a fasciotomy—cutting open the leg specifically to relieve the pressure.

Here, the plaintiff's expert testified that the defendant Orthopedic Associates of Dutchess County, P.C. (hereinafter the defendant), departed from the accepted standard of care by delaying the treatment of the plaintiff's left leg for compartment syndrome for 24 hours. This opinion was flatly contradicted by

the record. The expert was confronted with undisputed evidence that the plaintiff's left leg contained no necrotic tissue two days after his fasciotomy. The expert conceded that this indicated that the plaintiff could only have been experiencing compartment syndrome for a few hours when the doctors intervened. Thus, the testimony of the plaintiff's expert established neither that the defendant departed from accepted medical practice, nor that any such departure was a proximate cause of his injuries. Therefore, the Supreme Court properly granted the defendant's motion for judgment as a matter of law pursuant to CPLR 4401.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.