■ BARBARA PERRICONE-BERNOVICH et al., Appellants, v GENTLE DENTAL et al., Respondents. [875 NYS2d 169]—

In an action to recover damages for dental malpractice, etcetera, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Spinner, J.), entered June 7, 2007, which, upon the granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiffs' case, and upon the denial of the plaintiffs' request to reopen their case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The proper legal standard for deciding a defendant's motion pursuant to CPLR 4401 is whether, viewing the evidence in the light most favorable to the plaintiff, the plaintiff has made out a

prima facie case (*see Godlewska v Niznikiewicz*, 8 AD3d 430 [2004]; *Lyons v McCauley*, 252 AD2d 516, 517 [1998]). The motion may be granted only if there is no rational process by which the jury could find for the plaintiff against the moving defendant (*see Nichols v Stamer*, 49 AD3d 832, 833 [2008]; *Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]).

Here, the plaintiffs allege that the defendant dentist performed crown preparation work without first performing a root canal, which caused the injured plaintiff nerve damage and resultant pain and suffering. After the defendant dentist performed work on the injured plaintiff's teeth, the injured plaintiff went to see her primary dentist of 35 years, complaining that she was suffering from pain as a result of her visit to the defendant dentist. At trial, the injured plaintiff's primary dentist testified as the plaintiffs' expert witness. He testified that he was "not quite sure" what the standard of care was and that he was not testifying to give his opinion as to whether the defendant dentist deviated from any standard of care but only to "tell what [had] happened" to the injured plaintiff. According to the plaintiffs' expert, if the defendant had performed the root canal before the crown preparation work, the injured plaintiff "probably wouldn't have" suffered from pain.

In order to prove a prima facie case of dental malpractice, a "plaintiff must show that (1) there was a deviation or departure from the requisite standard of dental practice, and (2) the departure from the requisite standard of practice was a proximate cause of the complained of injury" (*Knutson v Sand*, 282 AD2d 42, 43 [2001]; *see Sohn v Sand*, 180 AD2d 789, 790 [1992]). Because the plaintiffs' expert specifically stated that he did not form an opinion as to whether the defendant departed from any standard of care and, in fact, was "not quite sure" what the standard of care was, the plaintiffs failed to introduce sufficient evidence of the relevant accepted standard of care owed to the injured plaintiff or whether the defendant had departed from any standard of care (*see Sohn v Sand*, 180 AD2d 789, 790 [1992]). Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 4401 made at the close of the plaintiffs' case.

The Supreme Court providently exercised its discretion denying the plaintiffs' request to reopen their case. Both the plaintiffs' and the defendants' counsel questioned the plaintiffs' expert thoroughly in an effort to obtain testimony regarding the standard of care and whether the defendant dentist's conduct amounted to a departure or deviation from such standard, all to no avail. The plaintiffs' expert specifically stated that he did not

form an opinion as to departure from the standard of care. He further stated that he was not sure what the standard of care was and that he was "not looking at it that way." The plaintiffs' expert also admitted that there was an indication, from a "dental point-of-view," to put a crown on the tooth in question. We agree with the Supreme Court's evaluation that the plaintiffs' expert was not "laboring under any sort of confusion or inability to properly express himself." Any attempt to clarify the expert's statements would not have cured the deficiency in the plaintiffs' prima facie case (*see generally Kay Found. v S & F Towing Serv. of Staten Is., Inc.*, 31 AD3d 499, 501 [2006]; *Alayo v City of New York*, 217 AD2d 567 [1995]; *Kennedy v Peninsula Hosp. Ctr.*, 135 AD2d 788, 790 [1987]). Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.