◼ Jose A. Gomez, Appellant, v Frank G. Casiglia, Respondent. [890 NYS2d 1]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered July 23, 2008, as, after a jury trial, and upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case. In entertaining such a motion, the trial court must view the evidence in the light most favorable to the opponent, affording him or her every favorable inference which reasonably may be drawn from the evidence (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Bryan v Staten Is. Univ. Hosp.*, 54 AD3d 793, 793-794 [2008]; *Farrukh v Board of Educ. of City of N.Y.*, 227 AD2d 440, 441 [1996]). The focus must be on whether the plaintiff has made out a prima facie case of liability, and the motion should be granted only if there is no rational process by which the jury could find for the plaintiff (*see Perricone-Bernovich v Gentle Dental*, 60 AD3d 744, 744-745 [2009]; *Elias v Bash*, 54 AD3d 354, 357 [2008]; *Nichols v Stamer*, 49 AD3d 832, 833 [2008]). In this case, in which the plaintiff pedestrian was struck by a motor vehicle, the record is devoid of any competent evidence tending to establish that the defendant was in any way connected with the offending vehicle. Accordingly, since no proof was adduced at trial to demonstrate that the defendant was the owner or operator of the vehicle, the plaintiff failed to make out a prima facie case of liability against the defendant, and the jury would have been required to engage in impermissible speculation in order to find in the plaintiff's favor. Under these circumstances, judgment was properly awarded in the defendant's favor (*see Godlewska v Niznikiewicz*, 8 AD3d 430, 431 [2004]; *Biggs v Mary Immaculate Hosp.*, 303 AD2d 702 [2003]).

In reaching our conclusion, we have not considered the additional documents which the plaintiff's counsel both inexplicably failed to place in evidence at trial and improperly included in the record on appeal. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.