■ VIRGINIA TARLETON, Appellant, v ASTOR GALLERIES, LTD., et al., Defendants, and BRASWELL GALLERIES, INC., et al., Respondents. [893 NYS2d 640]—

In an action, inter alia, to recover damages for conversion, breach of fiduciary duty, negligence, fraud, and unjust enrichment, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Loehr, J.), entered March 4, 2009, which, upon the granting of the motion of the defendants Braswell Galleries, Inc., and Stamford Auction Gallery, LLC, pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case, is in favor of those defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly granted the motion of the defendants Braswell Galleries, Inc., and Stamford Auction Gallery, LLC, pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case. Viewing the evidence in the light most favorable to the plaintiff, and affording her every favorable inference which reasonably could be drawn therefrom (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Gomez v Casiglia*, 67 AD3d 965 [2009]; *Bryan v Staten Is. Univ. Hosp.*, 54 AD3d 793, 793-794 [2008]), there was no rational process by which the jury could find for the plaintiff against those defendants (hereinafter the moving defendants) (*see generally Perricone-Bernovich v Gentle Dental*, 60 AD3d 744, 744-745 [2009]; *Elias v Bash*, 54 AD3d 354, 357 [2008]; *Nichols v Stamer*, 49 AD3d 832, 833 [2008]). The plaintiff came forward with no evidence of a contractual or fiduciary relationship with the moving defendants, nor did she otherwise establish a prima facie case against them with regard to her causes of action to recover damages for conversion, breach of fiduciary duty, negligence, fraud, and unjust enrichment, and the jury would have been required to engage in impermissible speculation in order to find in her favor against the moving defendants (*see Gomez v Casiglia*, 67 AD3d 965 [2009]; *Godlewska v Niznikiewicz*, 8 AD3d 430, 431 [2004]).

The plaintiff's remaining contention regarding the law of the case doctrine is without merit (*see S.L. Benfica Transp., Inc. v Rainbow Media, Inc.*, 13 AD3d 348, 349 [2004]). Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur.