■ One Beacon Insurance Company, as Subrogee of Howard Blady, Respondent, v CMB Contracting Corp., Doing Business as Mid Island Contractors, Inc., Appellant. [921 NYS2d 904]—

In a subrogation action, inter alia, to recover damages for negligence, the defendant appeals from an order of the Supreme Court, Nassau County (Marber, J.), entered July 21, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The house of the plaintiff's insured, Howard Blady, was damaged as a result of a fire that broke out on the second floor, which was under renovation. Blady had retained the defendant to perform renovation work at the house. On the day of the fire, the defendant's workers left the premises at 5:00 p.m., Blady and his wife visited the premises between 6:00 p.m. and 7:00 p.m., and the local fire department was notified of the fire at approximately 10:30 p.m. The fire department could not determine the cause of the fire.

The defendant established its entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that none of its acts or omissions caused or contributed to the fire that damaged Blady's property (see Cataract Metal Finishing, Inc. v City of Niagara Falls, 31 AD3d 1129 [2006]; Easy Shopping Corp. v Sneakers Ctr. & Sports, 303 AD2d 361 [2003]; Tower Ins. Co. of N.Y. v M.B.G. Inc., 288 AD2d 69 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the doctrine of res ipsa loquitur is inapplicable to this case since there was no basis for finding that the origin of the fire was due to negligence (see North Star Contr. Corp. v Burton F. Clark, Inc., 214 AD2d 550 [1995]; Board of Educ. of Ellenville Cent. School v Herb's Dodge Sales & Serv., 79 AD2d 1049 [1981]; Schultheis v Pristouris, 45 AD2d 864 [1974]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32026(U).]**