JAN ARTHUR STROEM, Respondent, v NICHOLAS PLACKIS, Defendant, and STEPHEN J. WEISS et al., Appellants. [948 NYS2d 90]—

In an action, inter alia, to set aside a stipulation and boundary agreement, the defendants Stephen J. Weiss, Kathleen J. Weiss, and Judge, Weiss & Associates, Inc., appeal (1) from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated August 23, 2007, which denied their motion for summary judgment dismissing the complaint based on so much of their third affirmative defense as alleged adverse possession, and (2), as limited by their brief, from so much of a judgment of the same court (Farneti, J.), dated August 19, 2010, as, upon the order, and upon a decision of the same court dated March 3, 2010, made after a nonjury trial, is in favor of the plaintiff and against them dismissing so much of the third affirmative defense as alleged adverse possession.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order

are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

This appeal arises from a boundary dispute between the plaintiff, the defendants Stephen J. Weiss, Kathleen J. Weiss, and Judge, Weiss & Associates, Inc. (hereinafter collectively the Weiss defendants), who are the owners of certain property adjacent to the plaintiff's property, and the plaintiff's former neighbor, the defendant Nicholas Plackis (the predecessor in interest to the Weiss defendants). The plaintiff purchased his property in 2000 and, at some point thereafter, discovered that a shed and certain wood pilings installed by Plackis in the late 1960s encroached on the plaintiff's property. In 2002, while Plackis was in negotiations to sell his property to the Weiss defendants, the plaintiff commenced an action against Plackis pertaining to the encroachment. By the time that the property was conveyed to the Weiss defendants in April 2002, the plaintiff, Plackis, and the Weiss defendants had all executed a stipulation and boundary agreement (hereinafter the stipulation), whereby the parties agreed that the shed would be removed or relocated, and the wood pilings would be permitted to remain with an acknowledgment that the continued used of the plaintiff's property would be with the plaintiff's express permission. The plaintiff discontinued the prior action against Plackis.

In 2004, the plaintiff commenced the instant action, inter alia, to set aside the stipulation on the ground that it had been fraudulently altered by handwritten modifications without his consent. In their answer, the Weiss defendants asserted, among other things, an affirmative defense alleging, inter alia, adverse possession of the disputed land. Subsequently, the Weiss defendants moved for summary judgment dismissing the complaint based on so much of that affirmative defense as alleged adverse possession. In an order dated August 23, 2007, the Supreme Court determined that the stipulation specifically precluded any claim of adverse possession, and denied the Weiss defendants' motion.

Following a nonjury trial, the Supreme Court found, among other things, that the plaintiff did not agree to the handwritten modifications to the stipulation. Further, the Supreme Court found that the determination in the order dated August 23, 2007, that the stipulation precluded any claim of adverse possession was the law of the case. In a judgment dated August 19, 2010, the Supreme Court, inter alia, dismissed so much of the third affirmative defense as alleged adverse possession.

The Weiss defendants failed to establish their prima facie

entitlement to judgment as a matter of law based on so much of the third affirmative defense as alleged adverse possession (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The stipulation precluded the assertion of any claim of adverse possession (*see Russo Realty Corp. v Orlando*, 30 AD3d 499, 501 [2006]). Since the Weiss defendants failed to meet their prima facie burden, their motion was properly denied, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Contrary to the Supreme Court's determination, it was not bound at trial by the law of the case doctrine to dismiss so much of the third affirmative defense as was based on a claim of adverse possession. As the plaintiff bears the burden of proof at trial and the evidence at trial may be different from that presented on a motion for summary judgment, a defendant may be entitled to judgment as a matter of law at trial even if the defendant previously was unsuccessful in moving for summary judgment (*see S.L. Benfica Transp., Inc. v Rainbow Media, Inc.*, 13 AD3d 348, 349 [2004]; *see also Tarleton v Astor Galleries, Ltd.*, 70 AD3d 811 [2010]).

Nevertheless, "[i]n reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts" (*Hall v Sinclaire*, 35 AD3d 660, 661 [2006]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the facts show that the Weiss defendants were not entitled to judgment in their favor on so much of the third affirmative defense as alleged adverse possession.

"Actual possession adverse to the true owner for the statutory period is required before title will vest" by adverse possession (*Brand v Prince*, 35 NY2d 634, 636 [1974]; *see Estate of Becker v Murtagh*, 19 NY3d 75 [2012]; *see Hogan v Kelly*, 86 AD3d 590, 591 [2011]). "[T]here must be possession in fact of a type that would give the owner a cause of action in ejectment against the occupier throughout the prescriptive period" (*Brand v Prince*, 35 NY2d at 636; *see Estate of Becker v Murtagh*, 19 NY3d 75 [2012]; *Ram v Dann*, 84 AD3d 1204, 1206 [2011]). Where the individual claiming adverse possession has not possessed the property for the statutory period, the owner may "tack his adverse possession to that of his predecessor to satisfy the applicable statutory period" (*Brand v Prince*, 35 NY2d at 637; *see Ram v Dann*, 84 AD3d at 1205). " '[T]he rule is that successive adverse possessions of property omitted from a deed

description, especially contiguous property, may be tacked if it appears that the adverse possessor intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed' " (*Ram v Dann,* 84 AD3d at 1206, quoting *Brand v Prince,* 35 NY2d at 637).

Here, the evidence belies any assertion that Plackis intended to convey the wood pilings to the Weiss defendants. In fact, although Stephen J. Weiss testified that he believed he was purchasing the pilings, he acknowledged that, even prior to the purchase, he had discussed with the plaintiff that the pilings were on the plaintiff's property, and not on Plackis's property. Moreover, even if the stipulation is unenforceable because of a material alteration, the stipulation is evidence that Plackis and the Weiss defendants knew and acknowledged that the pilings were on the plaintiff's property with the plaintiff's permission at the time when the property was conveyed to the Weiss defendants. Since the Weiss defendants failed to prove adverse possession by clear and convincing evidence, dismissal of so much of the third affirmative defense as alleged adverse possession was warranted. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.