In a subrogation action to recover damages for injury to property, the defendant appeals from a judgment of the Supreme Court, Rockland County (Walsh, J.), entered November 7, 2011, which, upon, inter alia, the denial of its motion pursuant to CPLR 4401, made at the close of the plaintiff’s case, and its renewed motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law dismissing the complaint, upon a jury verdict on the issue of liability finding that it was 100% at fault in the happening of the subject fire, and upon a jury verdict on the issue of damages finding that the plaintiff’s subrogor sustained property damage in the sum of $645,037.35, is in favor of the plaintiff and against it in the principal sum of $645,037.65.
Ordered that the judgment is reversed, on the law, with costs, that branch of the defendant’s motion which was pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiffs case is granted, and the complaint is dismissed.
*847 The insurer of a limited liability company that occupied commercial premises damaged by fire commenced this action, as subrogee, against an electric utility company, alleging that the fire was caused either by the negligence of one of the defendant’s employees, who was attempting to replace the electrical meter at the premises when the fire started, or by a failure of the meter. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. After the plaintiff presented its case at trial, the Supreme Court denied the defendant’s motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The Supreme Court thereafter denied the defendant’s renewed motion for the same relief, made at the close of evidence. The jury thereafter found in favor of the plaintiff, and judgment was entered in the plaintiffs favor.
The Supreme Court erred in denying the defendant’s motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiffs case. Viewing the evidence in the light most favorable to the plaintiff, and affording the plaintiff every favorable inference which reasonably could be drawn therefrom (see Szczerbiak v Pilat, 90 NY2d 553 [1997]; Gomez v Casiglia, 67 AD3d 965 [2009]; Bryan v Staten Is. Univ. Hosp., 54 AD3d 793, 793-794 [2008]), there was no rational process by which the jury could find for the plaintiff and against the defendant (see generally Perricone-Bernovich v Gentle Dental, 60 AD3d 744, 744-745 [2009]; Elias v Bash, 54 AD3d 354, 357 [2008]; Nichols v Stamer, 49 AD3d 832, 833 [2008]). The plaintiff failed to make out a prima facie case of negligence. The jury necessarily engaged in impermissible speculation in order to find in the plaintiffs favor and against the defendant on this issue (see Tarleton v Astor Galleries, Ltd., 70 AD3d 811, 812 [2010]; Gomez v Casiglia, 67 AD3d 965 [2009]; Godlewska v Niznikiewicz, 8 AD3d 430, 431 [2004]).
Contrary to the plaintiffs contention, the doctrine of res ipsa loquitur is inapplicable to this case, since there was no basis for any inference that the fire must have been caused by the defendant’s negligence (see One Beacon Ins. Co. v CMB Contr. Corp., 84 AD3d 902 [2011]; North Star Contr. Corp. v Burton F. Clark, Inc., 214 AD2d 550 [1995]; Board of Educ. of Ellenville Cent. School v Herb’s Dodge Sales & Serv., 79 AD2d 1049 [1981]; Schultheis v Pristouris, 45 AD2d 864 [1974]).
In light of our determination, the defendant’s remaining contentions have been rendered academic. Dillon, J.P, Angiolillo, Dickerson and Hinds-Radix, JJ., concur.