■ CEDRIC MUNROE et al., Appellants, v CHEYENNE REALTY, LLC, Respondent. [16 NYS3d 842]—

In an action, inter alia, pursuant to RPAPL article 15 to compel a determination that the plaintiffs obtained title to certain real property by adverse possession, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated December 30, 2013, which granted the defendant's motion for summary judgment dismissing the complaint and to cancel the notice of pendency.

Ordered that the order is affirmed, with costs.

The plaintiffs own real property adjacent to a parcel of commercial real property owned by the defendant. The plaintiffs acquired their property from New York Mortgage Servicing Corp. by a bargain and sale deed dated August 30, 1994. New York Mortgage Servicing Corp. had obtained title to the property via a referree's deed in foreclosure dated February 24, 1993. On December 4, 2005, the plaintiffs commenced this action seeking a determination that they obtained title by adverse possession to a portion of the defendant's titled property measuring approximately 10 feet in width and 60 feet in length (hereinafter the disputed area), which the plaintiffs used for parking, gardening, and to receive deliveries of heating oil.

A chain link fence ran across the defendant's titled property, parallel to the plaintiffs' house, such that the disputed area

was on the plaintiffs' side of the fence. The fence then continued along the boundary line between the plaintiffs' and the defendant's titled properties. The fence was 100 feet long; a 40-foot portion of the fence was on the boundary line between the plaintiffs' and the defendant's titled properties, while the remaining 60-foot portion was within the defendant's titled property. In 2002 to 2003, the defendant removed the portion of the fence that ran within its titled property. The defendant submitted evidence that it then covered the disputed area with a cement slab. In 2006, the defendant extended the building on its property over the entire disputed area.

A party claiming adverse possession may establish possession for the statutory period by "tacking" the time that the party possessed the property onto the time that the party's predecessor adversely possessed the property (*see Stroem v Plackis*, 96 AD3d 1040, 1042-1043 [2012]). Tacking is permitted where there is an "unbroken chain of privity between the adverse possessors" (*Belotti v Bickhardt*, 228 NY 296, 306 [1920]). For tacking to apply, a party must show that the party's predecessor "intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed" (*Brand v Prince*, 35 NY2d 634, 637 [1974]). In order to succeed on a claim of adverse possession, a party must provide clear and convincing evidence that the possession was "hostile and under [a] claim of right"; (2) actual; (3) open and notorious; (4) exclusive; and (5) "continuous for the statutory period of 10 years" (*Skyview Motel, LLC v Wald*, 82 AD3d 1081, 1082 [2011]; *see Brand v Prince*, 35 NY2d at 636). The party must also show that the disputed property was "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL former 522; *see Ram v Dann*, 84 AD3d 1204, 1205 [2011]; *Perfito v Einhorn*, 62 AD3d 846, 847-848 [2009]; *cf.* L 2008, ch 269, § 5).

Here, on its motion for summary judgment dismissing the complaint and to cancel the notice of pendency, the defendant established its prima facie entitlement to judgment as a matter of law, and in opposition to the motion, the plaintiffs failed to raise a triable issue of fact. The plaintiffs concede that they did not possess the disputed area for the 10-year statutory period and argue that they should be permitted to tack the time of their predecessors' possession onto their time of possession. They further argue that the foreclosure of their titled property did not break the chain of privity because the right to adverse possession vested before the foreclosure occurred. In support of their contention that tacking applies, the plaintiffs submitted

affidavits from two of their neighbors stating that "the previous owner maintained said portion of the property as a garden." The affidavits did not describe "said portion" of the property or indicate the length of time that the previous owner maintained the garden (*see Stroem v Plackis*, 96 AD3d at 1042-1043). In addition, the plaintiffs failed to provide evidence that their predecessors adversely possessed the disputed area and intended to and actually transferred possession to the plaintiffs or that adverse possession vested in one of their predecessors prior to the foreclosure (*see Reis v Coron*, 37 AD3d 803 [2007]; *cf. Gjokaj v Fox*, 25 AD3d 759 [2006]; *Lewis v Idones*, 280 App Div 980 [1952]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and to cancel the notice of pendency. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.