In an action, inter alia, to recover damages for unjust enrichment, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Parga, J.), entered April 23, 2015, which, upon the granting of the motion of the defendant Bette Kalpakis pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff’s case, is in favor of the defendant Bette Kalpakis and against him dismissing the complaint insofar as asserted against that defendant.
 

 Ordered that the judgment is affirmed, with costs.
 

 The plaintiff commenced this action against the defendant James Kalpakis (hereinafter James) and his wife, the defendant Bette Kalpakis (hereinafter Bette). The complaint alleged, inter alia, that James fraudulently induced the plaintiff to give him $825,000 to purchase real property that was purportedly in foreclosure, but was, in reality, already owned by Bette and not in foreclosure. The plaintiff also alleged that James siphoned more than $2,000,000 from the plaintiff’s investment account for various fraudulent transactions. The plaintiff asserted, inter alia, that Bette was unjustly enriched by James’s illegal and fraudulent conduct.
 

 A nonjury trial was held solely on the cause of action alleging unjust enrichment against Bette. At the close of the plaintiff’s case, Bette moved pursuant to CPLR 4401 for judgment as a matter of law. The Supreme Court granted the motion, and a judgment was entered in favor of Bette and against the plaintiff dismissing the complaint insofar as asserted against her. The plaintiff appeals.
 

 “A cause of action for unjust enrichment requires a showing that (1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff” (Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC, 31 AD3d 983, 987-988 [2006]; see Dee v Rakower, 112 AD3d 204, 213-214 [2013]). “The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered” (Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972]).
 

 The Supreme Court properly granted Bette’s motion pursuant to CPLR 4401 for judgment as a matter of law. Viewing the evidence in the light most favorable to the plaintiff, and affording him every favorable inference which reasonably could be drawn therefrom (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]), the plaintiff failed to demonstrate that Bette was unjustly enriched at the plaintiff’s expense (see Tarleton v Astor Galleries, Ltd., 70 AD3d 811, 812 [2010]; Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC, 31 AD3d at 988). The plaintiff conceded that he had no evidence that Bette had an interest in any entity which may have received the plaintiff’s funds. Moreover, there was no evidence that Bette was enriched by the money that the plaintiff gave to James to purchase Bette’s property. It would require impermissible speculation to find a connection between any money or property held by Bette and the plaintiff’s stolen funds (see Tarleton v Astor Galleries, Ltd., 70 AD3d at 812).
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.