Del Vecchio v Gangi
2026 NY Slip Op 03662
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Steven M. Del Vecchio, appellant,
v
Claire Gangi, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-07836, (Index No. 611263/22)
Colleen D. Duffy, J.P.
Deborah A. Dowling
Janice A. Taylor
Laurence L. Love, JJ.

Steven M. Del Vecchio, P.C., Garden City, NY, for appellant.
Scalzi & Nofi, PLLC, Huntington, NY (Vincent J. Nofi of counsel), for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered April 12, 2024. The order, insofar as appealed from, denied those branches of the plaintiff's cross-motion which were for summary judgment dismissing the defendants' affirmative defense alleging adverse possession and the first and second counterclaims and to impose sanctions against the defendants and their attorney.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's cross-motion which were for summary judgment dismissing the defendant's affirmative defense alleging adverse possession and the first counterclaim, and substituting therefor a provision granting those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff commenced this action against the defendants, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property located in Bayville. The plaintiff alleged, among other things, that, in 2014, the defendants erected a metal fence and since then have been occupying a substantial portion of the plaintiff's property that shares a common boundary line with property owned by the defendants (hereinafter the disputed land).
In a decision and order on a prior appeal in this action, this Court modified a prior order of the Supreme Court by denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss three causes of action (see Del Vecchio v Gangi, 225 AD3d 666, 668-669).
As relevant to this appeal, the plaintiff cross-moved, inter alia, for summary judgment dismissing the defendants' fourth affirmative defense and the first and second counterclaims and to impose sanctions against the defendants and their attorney. After the plaintiff's cross-motion was fully submitted, the defendants served an amended answer that asserted, among other things, an eighth affirmative defense and a first counterclaim alleging that they owned the disputed land through adverse possession. Thereafter, in an order entered April 12, 2024, the Supreme Court, inter alia, denied those branches of the plaintiff's cross-motion. The plaintiff appeals.
Under the circumstances of this case, since the amended answer contained the same claim of adverse possession in the eighth affirmative defense and the first counterclaim as the claim of adverse possession in the fourth affirmative defense and the first counterclaim in the original answer, the Supreme Court should have determined on the merits those branches of the plaintiff's cross-motion which were for summary judgment dismissing the affirmative defense alleging ownership of the disputed land by adverse possession and the first counterclaim (see Langley v Melville Fire Dist., 213 AD3d 748, 749-750; Fagbuyi v Accredited Home Lenders, Inc., 140 AD3d 1011, 1012).
As the merits of those branches of the plaintiff's cross-motion were argued before the Supreme Court and fully briefed in this Court, this Court will consider the merits of those branches of the plaintiff's cross-motion in the interest of judicial economy (see Cavaliere v 1515 Broadway Fee Owner, LLC, 150 AD3d 1190, 1191). We note that the second counterclaim in the amended answer was not the same as that in the original answer and that it added factual allegations not present in the original answer. Therefore, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was for summary judgment dismissing the second counterclaim without addressing the merits since the amended second counterclaim was not the subject of the motion (see Mendrycki v Cricchio, 58 AD3d 171, 175; Padua v Falow, 230 AD2d 834, 834).
"In 2008, the adverse possession statute (RPAPL art 5) was amended in its entirety (L 2008, ch 269) to, among other things, discourage people from claiming adverse possession over real property they know belongs to another with superior ownership rights" (Estate of Becker v Murtagh, 19 NY3d 75, 81 n 4; see Leong v Larroca Finest Home Design, LLC, 241 AD3d 1447, 1448). Although courts have applied the law in effect prior to the amendments where a party claims that its property right vested prior to the enactment of those amendments (see Kuhbach v Mordas, 242 AD3d 1076), here, the defendants did not show that their alleged property rights vested prior to the enactment of those amendments. Therefore, the amendments are applicable to this action.
The 2008 amendments provided that the "existence of de minimus [sic] non-structural encroachments including, but not limited to, fences, hedges, shrubbery, plantings, sheds and non-structural walls, shall be deemed to be permissive and non-adverse" (RPAPL 543[1]; see Wright v Sokoloff, 110 AD3d 989, 990-991).
"To establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right (i.e., a reasonable basis for the belief that the subject property belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period [of 10 years]" (Leong v Larroca Finest Home Design, LLC, 241 AD3d at 1448 [internal quotation marks omitted]; see Munroe v Cheyenne Realty, LLC, 131 AD3d 1141, 1142). "A party claiming adverse possession may establish possession for the statutory period by 'tacking' the time that the party possessed the property onto the time that the party's predecessor adversely possessed the property" (Munroe v Cheyenne Realty, LLC, 131 AD3d at 1142; see Stroem v Plackis, 96 AD3d 1040, 1042-1043). In order for tacking to be applicable, a party must show that the party's predecessor "intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed" (Brand v Prince, 35 NY2d 634, 637; see Munroe v Cheyenne Realty, LLC, 131 AD3d at 1143).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law dismissing the first counterclaim and the affirmative defense alleging adverse possession through the submission of his affidavit, which demonstrated that the requisite 10-year period for an adverse possession claim had not been met (see Bullok v Louis, 188 AD3d 783, 784; Reis v Coron, 37 AD3d 803, 804).
In opposition, the defendants failed to raise a triable issue of fact. The defendants' contention that they raised an issue of fact as to whether the requisite 10-year period was met through tacking is without merit. Their submission on that issue was solely speculative (see Walters v O'Quinn, 242 AD3d 1251, 1256). They submitted no evidence to raise an issue of fact as to the issue of tacking, to wit, that their predecessor adversely possessed the disputed land and intended [*2]to and actually turned over possession of the disputed land with the portion of the land included in the deed (see Munroe v Cheyenne Realty, LLC, 131 AD3d at 1143).
The defendants' remaining contentions regarding those branches of the plaintiff's cross-motion are either improperly raised for the first time on appeal or without merit.
Nonetheless, contrary to the plaintiff's contention, the conduct of the defendants and their attorney was not frivolous, and thus, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was to impose sanctions against them, in effect, pursuant to 22 NYCRR 130-1.1 (see Hegazi v Palmieri, 84 AD3d 873, 874; Burns v Palazola, 22 AD3d 779, 780).
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., DOWLING, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court