## Second Department, November, 1948.
### (November 8, 1948.)

Morris Aks, Appellant, v. Buffalo Savings Bank, Respondent.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals granted. The following questions are certified: (1) Was the order of Special Term, dated July 15, 1948, properly made? (2) Was the order of Special Term, dated August 13, 1948, properly made? Present — Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ. [See ante, p. 893.]

In the Matter of the Resignation of Robert F. Peck, an Attorney.— The above-named attorney, upon his own confession and plea of guilty, having been convicted in the County Court of Suffolk County on the 11th day of October, 1948, of the crime of grand larceny in the second degree, and having submitted his resignation as an attorney and counselor at law, such resignation as attorney and counselor at law is accepted and his name is ordered to be struck from the roll of attorneys. Present — Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ.

In the Matter of the Accounting of Bertha Tobman, as Administratrix of the Estate of Eva Pellman, Deceased, Appellant. Charles Pellman et al., Respondents.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ. [See ante, p. 890.]

New Era Homes Corporation, Respondent, v. Engelbert Forster et al., Appellants.— Motion for reargument denied, with $10 costs. Present — Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ. [See ante, p. 901.]

Bertha J. Sangster, Appellant, v. Harry Lefrak et al., Copartners Doing Business as Lefrak Realty Co., Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ. [See ante, p. 898.]

John M. Aufiero, Appellant, v. New York Life Insurance Company, Respondent.— In an action to recover total disability benefits under a life insurance policy issued by defendant, formal proof was made on April 18, 1945, of total disability, within the meaning of the policy, existing from March 27, 1943, to December 15, 1943. After trial the complaint was dismissed on the ground that the policy required proof of total disability during the continuance of such disability. Judgment unanimously affirmed, with costs. (Gottlieb v. New York Life Ins. Co., 136 Misc. 194; Kasarsky v. New York Life Ins. Co., 145 Misc. 732; Rose v. New York Life Ins. Co., 127 Ohio St. 265; Reed v. New York Life Ins. Co., 131 Neb. 330.) Lydon v. New York Life Ins. Co., (89 F. 2d 78, certiorari denied 302 U. S. 703), relied upon by appellant, is readily distinguished. There the total disability was permanent because it continued until the assured's death. In the case at bar the total disability was temporary because it ended during the assured's lifetime and more than a year before notice was given of such disability. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.