■ SACKMAN-GILLILAND CORPORATION, Respondent, v. SENATOR HOLDING CORP., Appellant.— In an action to recover brokerage commissions for the procurement of a mortgage loan commitment and an increase of the commitment (first cause of action) and to recover for services rendered in procuring

an amendment of the commitment (second cause of action), defendant appeals from a judgment of the Supreme Court, Kings County, entered April 5, 1973, in favor of plaintiff, upon (1) the trial court's setting aside a jury verdict of $40,000 on the first cause and directing a verdict of $60,000 on that cause and (2) a jury verdict of $4,000 on the second cause. Judgment affirmed, with costs. In the light of the documentary and other evidence adduced at the trial, we are of the opinion that the trial court properly directed a verdict for plaintiff on the first cause of action. Moreover, we note that this court, in its divided determination upon a prior appeal in this case, reversing a summary judgment which had been granted to plaintiff as to the first cause of action (*Sackman-Gilliland* v. *Senator Holding Corp.*, 40 A D 2d 998), did not decide that there necessarily would be established an issue of fact at the trial which would have to be determined by a jury. All that this court held was that the papers on the motion for summary judgment indicated that a trial was "require[d]" of issues indicated in the motion papers. A denial of a motion for summary judgment is not necessarily *res judicata* or the law of the case that there is an issue of fact in the case that will be established at the trial (cf. *Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395, 404; *Frederick* v. *Douglas Mobile Corp.*, 22 A D 2d 972; *Aufiero* v. *New York Life Ins. Co.*, 74 N. Y. S. 2d 277, 279, affd. 274 App. Div. 928; *Pugatch* v. *David's Jewelers*, 53 Misc 2d 327, 329). Gulotta, P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.