■ JOSEPH J. GELHAUS et al., Appellants, v PEARL RIVER SCHOOL DISTRICT, Respondent. — In an action, *inter alia,* to recover damages for personal injuries sustained by the infant plaintiff, plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Coppola, J.), dated February 3, 1984, which is in favor of the defendant, upon a jury verdict.

Judgment affirmed, with costs.

The infant plaintiff, an eighth-grade student, was injured on March 16, 1981 when he fell from the high rings during a physical education class at defendant's Pearl River Middle School. Thereafter, he and his father commenced this action, contending, *inter alia,* that defendant was negligent in failing to provide proper supervision and proper equipment. Following a trial, the jury returned a verdict in defendant's favor, and plaintiffs now appeal on the principal ground that the verdict was against the weight of the evidence. We affirm.

For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence, it is necessary to find that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). At bar, there was trial testimony that at the time of the accident the infant plaintiff was attempting to execute a maneuver on the high rings for the first time; that the students were instructed to advise a teacher before attempting to do a new maneuver; and that the infant plaintiff had not done so. There was also testimony that four teachers and about 80 students were present in the gymnasium at the time; that the students, who received instructions on various techniques as part of the gymnastic course, were used as "spotters" to break a potential fall and prevent the head or back from getting hit; and that the infant plaintiff's spotter "did a super job of spotting him". Finally, there was testimony that the system of "spotters" was an accepted practice and that the padding under the rings was appropriate. In view of this evidence, and based upon the record as a whole, we simply cannot say that there was "no valid line of reasoning * * * which could possibly lead rational men to the conclusion reached by the jury" that defendant was not negligent. Hence, the jury's verdict should not be disturbed (*see, Cohen v Hallmark Cards, supra,* p 499; *see also, Lincoln v Austic,* 60 AD2d 487).

We have considered plaintiffs' remaining contention and find it to be without merit. Mollen, P. J., Titone, O'Connor and Rubin, JJ., concur.