■ KLEARTONE TRANSPARENT PRODUCTS Co., INC., Respondent-Appellant, v DUN & BRADSTREET, INC., Appellant-Respondent.—In an action, inter alia, to recover damages to intangible property rights based on the alleged gross negligence of the defendant, the defendant appeals from a judgment of the Supreme Court, Nassau County (Christ, J.), entered June 11, 1984, which, after a jury trial, is in favor of the plaintiff in the principal amount of $47,711.60, and the plaintiff appeals from an order of the same court, dated May 23, 1984, which denied it preverdict interest, and cross-appeals from so much of the same judgment of the same court, as failed to include preverdict interest.

Appeal from the order dated May 23, 1984, dismissed (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the cross-appeal from the judgment.

Judgment affirmed insofar as appealed from and reversed insofar as cross-appealed from, on the law, with costs payable to the plaintiff, and matter remitted to the Supreme Court, Nassau County, for a determination of the date from which preverdict interest is to run (see, CPLR 5001 [c]) and for the entry of an appropriate amended judgment accordingly. The findings of fact of the jury on the issue of liability are affirmed.

This is an action in which the defendant is charged with gross negligence for failing to disclose certain information in its possession concerning Metropolitan Greetings, Inc., a company to which the plaintiff extended approximately $90,000 in trade credit, primarily in reliance upon the defendant's business information report. In a prior appeal in this action, this court reversed an order of Special Term (Lockman, J.), which granted the defendant's motion for summary judgment dismissing the complaint, holding that upon the evidence then available, an issue of fact existed as to whether the defendant's conduct in failing to disclose this information amounted to gross negligence *(Kleartone Transparent Prods. Co. v Dun & Bradstreet,* 88 AD2d 353). While it is true that the prior reversal by this court resulting in the denial of the motion for summary judgment " 'is not necessarily *res judicata* or the law of the case that there is an issue of fact in the case that [would] be established at the trial' " *(Zook v Hartford Acc. & Indem. Co.,* 64 AD2d 701, 702, quoting from *Sackman-Gilliland Corp. v Senator Holding Corp.,* 43 AD2d 948, 949), we find that the proof adduced at the trial presented such an issue of fact for resolution by the jury. A rational inference could be drawn from the evidence presented that the defendant's conduct constituted gross negligence. Thus, the evidence was sufficient to support the verdict *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Gelhaus v Pearl Riv. School Dist.,* 111 AD2d 149). Therefore, the verdict may not be vacated as against the weight of the evidence *(see, Goehle v Town of Smithtown,* 81 AD2d 607, *affd* 55 NY2d 995; *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431, 439).

Finally, this was an action at law tried before a jury, which found that the defendant, by its grossly negligent conduct, wrongfully induced the plaintiff to part with goods and services sold on credit to an uncreditworthy customer. The defendant's conduct thus constituted an interference with the plaintiff's property interest. As such, it was error for the trial court to deny the plaintiff preverdict interest *(see,* CPLR 5001 [a]; *see, Quintel Corp. v Citibank,* 606 F Supp 898, 913; *Mount Sinai Hosp. v Borg-Warner Corp.,* 527 F Supp 922, 924; *De Long Corp. v Morrison-Knudsen Co.,* 14 NY2d 346, 348; *Delulio v 320-57 Corp.,* 99 AD2d 253, 254; *State Div. of Human Rights [Geraci] v New York State Dept. of Correctional Servs.,* 90 AD2d 51, 59-60, n 3). Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.