■ QUINTINO TESCIUBA, Appellant, v JEROLD SHAPIRO, Respondent, et al., Defendant.—Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered June 12, 1989, which, after nonjury trial, dismissed the complaint, unanimously affirmed, with costs.

Plaintiff, a commercial tenant, was evicted from certain premises on May 29, 1980 by the defendant, a city marshal. Although plaintiff has asserted that the eviction was illegal because the 72-hour notice of eviction was not properly served, the Department of Investigation (DOI) informed plaintiff, no later than June 3, 1981, that the documentation concerning the service of the notice of eviction, supplied by a nonparty process server, was such that plaintiff's position was not substantiated sufficiently to warrant disciplinary action against defendant, and suggested that any other remedy requiring resolution of disputed factual issues be pursued in the courts of law. Nonetheless, plaintiff did not commence this action against defendant until July 23, 1982. Defendant's motion for summary judgment on the ground that the action

was time barred was denied by order of Supreme Court in July 1983 upon a finding of issues of fact as to whether defendant properly served the 72-hour notice of eviction and whether plaintiff was caused to forestall bringing this lawsuit during the pendency of the DOI proceedings. However, prior to jury trial of this action, the trial court held an evidentiary hearing on the Statute of Limitations defense and found, as a matter of law, that the action was time barred.

The dismissal of the action on the ground that it was commenced beyond the one-year Statute of Limitations set forth in CPLR 215 (1) was correct *(Kolomensky v Wiener,* 135 AD2d 505). The prior denial of defendant's summary judgment motion did not constitute the law of the case so as to preclude the trial court from addressing the purely legal Statute of Limitations issue, or require it to conduct a futile trial of the action (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.13; *Sackman-Gilliland Corp. v Senator Holding Corp.,* 43 AD2d 948). In any event, this court is not bound by the prior determination *(Martin v City of Cohoes,* 37 NY2d 162, 165). Plaintiff's estoppel argument, alleging that he delayed commencement of this action in reliance upon the Department of Investigation proceeding, if cognizable at all *(see, Simcuski v Saeli,* 44 NY2d 442), was conclusively negated by the Department's correspondence with plaintiff. We have reviewed plaintiff's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Carro, Asch and Ellerin, JJ.