■ MEDRIC CONSTRUCTION, INC., Appellant, v J.W. MAYS, INC., Respondent, et al., Defendant. [647 NYS2d 12] —In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated June 13, 1995, which, *inter alia,* granted the motion of the defendant J.W. Mays, Inc., for reargument and, upon reargument, denied the plaintiff's motion to vacate an order of the

same court dated August 7, 1992, which, upon the plaintiff's default in responding to the motion of J.W. Mays, Inc., to dismiss the complaint, granted the motion and dismissed the complaint insofar as asserted against J.W. Mays, Inc.

Ordered that the order is affirmed, with costs.

There is no merit to the contention by the plaintiff, Medric Construction, Inc. (hereinafter Medric), that the "law of the case" doctrine applies where the summary judgment motion by the defendant J.W. Mays, Inc. (hereinafter Mays), was previously denied because the motion papers raised a triable issue of fact. "[A] ruling denying a prior motion for summary judgment 'is not necessarily *res judicata* or the law of the case that there is an issue of fact in the case that will be established at the trial' " (*Armetta v General Motors Corp.,* 158 AD2d 284, 285, quoting *Sackman-Gilliland Corp. v Senator Holding Corp.,* 43 AD2d 948, 949; *see also, Hammond v International Paper Co.,* 178 AD2d 798, 799; *Tesciuba v Shapiro,* 166 AD2d 281, 282). In any event, Mays' motion for summary judgment was denied, "with leave to renew upon completion of all discovery if such discovery resolve[d] the issues iterated in th[e] decision". Mays accordingly served a notice of discovery and inspection on Medric, which requested records, contracts, and other documentation pertaining to the transactions between Medric and the defendant Metrobrook, Inc. (hereinafter Metrobrook). Thereafter, Medric failed to respond to the notice of discovery and inspection, even after several extensions. Hence, the Supreme Court's subsequent order which granted Mays' motion to dismiss the complaint insofar as asserted against it with prejudice was not contrary to the previous denial of summary judgment.

Furthermore, it is well settled that to vacate an order entered upon a party's default the movant must demonstrate both a valid excuse for the default and a meritorious cause of action (*see, Fennell v Mason,* 204 AD2d 599; *Lease Factor v Kemcy Model Agency,* 201 AD2d 624, 625). Contrary to Medric's other contention that nothing procedural or substantive occurred which would allow a Judge to question the merit of Medric's claim, additional evidence in the form of affidavits and hearing testimony submitted in support of Medric's motion to vacate the order dismissing the complaint demonstrated that Medric did not have a meritorious claim.

Aldo Medaglia was a principal and shareholder of both Medric and Metrobrook at the time that Medric entered into a contract with Metrobrook to renovate the premises that Metrobrook had leased from Mays. Medaglia admitted that he knew

Metrobrook did not have the financial resources to pay Medric for its labor and services at the time of the contract. Nevertheless, Medaglia could not provide a satisfactory explanation as to why Medric continued to supply material and labor to Metrobrook, without receiving any payment for its services. Hence, Medric is barred from all equitable relief (*see, Vasquez v Zambrano,* 196 AD2d 840; *Currier v First Transcapital Corp.,* 190 AD2d 507, 508; *Ta Chun Wang v Chun Wong,* 163 AD2d 300, *cert denied* 501 US 1252). Thus, the court properly denied Medric's motion to vacate the order entered upon its default dismissing the complaint insofar as asserted against Mays. O'Brien, J. P., Sullivan, Joy and McGinity, JJ., concur.