■ DEODAT PERSAUD et al., Respondents, v CITY OF NEW YORK et al., Respondents-Appellants, and CARMELO E. MERO et al., Appellants-Respondents. [762 NYS2d 641] —In an action to recover damages for personal injuries, etc., the defendants Carmela E. Mero and Maithe Mero appeal, and the defendants City of New York and Frances Knowles cross-appeal, from a judgment of the Supreme Court, Queens County (Price, J.), dated June 27, 2001, which, upon a jury verdict finding the defendants Carmela E. Mero and Maithe Mero 25% at fault and the defendants City of New York and Frances Knowles 75% at fault in the happening of the accident, and awarding the plaintiff Deodat Persaud the sums of $2,500,000 for past pain and suffering and $7,500,000 for future pain and suffering, and awarding the plaintiff Soomintra Persaud the sum of $75,000 on her derivative cause of action, and upon the denial of the motion of the defendants City of New York and Frances Knowles pursuant to CPLR 4404 to set aside the verdict as to them as against the weight of the evidence and as excessive, is in favor of the plaintiffs and against them.

Ordered that the judgment is modified, on the law and the facts and as an exercise of discretion, (1) by (a) granting that branch of the motion of the defendants City of New York and Francis Knowles which was to set aside the verdict as to them as against the weight of the evidence, and (b) deleting the provisions thereof awarding the plaintiffs damages against the defendants City of New York and Francis Knowles, and substituting therefor a provision dismissing the complaint insofar as asserted against those defendants, and (2) by deleting the provisions thereof awarding the plaintiff Deodat Persaud damages for past and future pain and suffering against the defendants Carmela E. Mero and Maithe Mero; as so modified, the judgment is affirmed, without costs or disbursements, and a new trial is granted with respect to the defendants Carmela E. Mero and Maithe Mero on the issue of damages for past and future pain and suffering only, unless within 30 days

after service upon the plaintiffs of a copy of this decision and order, the plaintiff Deodat Persaud shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to past pain and suffering from the sum of $2,500,000 to the sum of $1,250,000, and as to future pain and suffering from the sum of $7,500,000 to the sum of $3,750,000, and to the entry of an amended judgment against the defendants Carmela E. Mero and Maithe Mero accordingly; in the event that the plaintiff Deodat Persaud so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from by the defendants Carmela E. Mero and Maithe Mero, without costs or disbursements.

As explained in the prior appeal in this matter (see *Persaud v City of New York*, 267 AD2d 220 [1999] [hereinafter *Persaud I*]), the defendant Carmela E. Mero left her 19-year-old daughter, the defendant Maithe Mero, sitting in the passenger seat of her car, which was parked in a no-standing zone. The defendant Maithe Mero did not have a driver's license and did not know how to drive. The defendant Police Officer Francis Knowles observed the illegally-parked car and waved to Maithe Mero to move it. Maithe Mero allegedly felt compelled to comply with Officer Knowles' gesture. Accordingly, she slid into the driver's seat, started the engine, and attempted to move the car. She turned the corner and then lost control of the vehicle, and drove up onto the sidewalk, injuring the plaintiff Deodat Persaud.

In *Persaud I,* we determined that the plaintiffs demonstrated the existence of a triable issue of fact as to whether the defendant Officer Knowles was negligent in failing to ascertain whether the defendant Maithe Mero was capable of driving her mother's car, before directing her to move the vehicle. Now, after a full trial, we hold that the municipal defendants are entitled to judgment as a matter of law dismissing the complaint (see *Cruz v New York City Tr. Auth.,* 190 AD2d 651 [1993]).

Upon a full trial record, it is apparent that the plaintiffs' expert lacked a sound basis for his opinion that Officer Knowles should have asked Maithe Mero whether she could drive; the expert's opinion was overwhelmingly contradicted at the trial by the evidence adduced by the municipal defendants and by the training materials relied upon by the plaintiffs' expert himself (see *Cruz v New York City Tr. Auth., supra*). Where an expert's ultimate assertions are speculative or unsupported by any evidentiary foundation, the opinion is of no probative force

(*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). As there was no other evidence tending to establish any negligence on the part of the municipal defendants, their motion pursuant to CPLR 4404 to set aside the verdict as to them should have been granted and the complaint, insofar as asserted against them, should have been dismissed.

The jury verdict, insofar as against the defendants Carmela E. Mero and Maithe Mero, was not contrary to the weight of the evidence. The verdict was, however, excessive to the extent indicated.

In light of the foregoing, we need not determine any other issues. S. Miller, J.P., Schmidt, Townes and Crane, JJ., concur.