■ S.L. BENFICA TRANSPORTATION, INC., Appellant, v RAINBOW MEDIA, INC., et al., Respondents. [786 NYS2d 98]—

In an action, inter alia, to recover damages for libel, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Galasso, J.), dated October 23, 2002, which, upon

the granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Prior to the commencement of trial, the defendants unsuccessfully moved for summary judgment dismissing the complaint. Contrary to the plaintiff's primary argument on this appeal, the mere existence of certain pretrial orders, including those denying the defendants' prior motion for summary judgment and motion for leave to reargue that motion, did not require the automatic denial of the later motion made by the defendants pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case during trial. Because a plaintiff bears the burden of proof at trial and because the evidence may be different at trial, a defendant may be entitled to judgment as a matter of law at trial even though such defendant was previously unsuccessful in seeking summary judgment (*e.g. Persaud v City of New York,* 307 AD2d 346 [2003]; *see also Armetta v General Motors Corp.,* 158 AD2d 284 [1990]; *Sackman-Gilliland Corp. v Senator Holding Corp.,* 43 AD2d 948 [1974]).

In this case, the Supreme Court properly determined, at the close of the plaintiff's case, that the plaintiff had failed to adduce legally sufficient evidence in support of its claims. Accordingly, the Supreme Court properly granted the defendant's motion for judgment as a matter of law (*see* CPLR 4401). Prudenti, P.J., H. Miller, Spolzino and Lifson, JJ., concur.