■ Maria Bonny, Appellant, v Jean Herick Pierre et al., Appellants, and Lloyd O. Nwankwo, Respondent, et al., Defendant. [936 NYS2d 895]—

CPLR 4404 (a) states, inter alia, that a court may set aside a jury verdict and "order a new trial . . . where the verdict is contrary to the weight of the evidence." "A jury verdict should not be set aside as contrary to the weight of the evidence unless 'the evidence so preponderate[s] in favor of the [moving party] that the jury could not have reached the verdict by any fair interpretation of the evidence' " (*Seong Yim Kim v New York City Tr. Auth.*, 87 AD3d 531, 532 [2011], quoting *Acosta v City of New York*, 84 AD3d 706, 708 [2011]). "It is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses" (*Palermo v Original California Taqueria, Inc.*, 72 AD3d 917, 918 [2010]).

Contrary to the contentions of the plaintiff and the defendants Jean Herick Pierre and Future Cab Corp., there was a fair interpretation of the evidence supporting the jury's determination that the defendant Lloyd O. Nwankwo was not negligent and did not violate Vehicle and Traffic Law § 1214, in that he opened the door of his vehicle after determining that it was reasonably safe to do so (*see* Vehicle and Traffic Law § 1214; *cf. Abbas v Salavel*, 73 AD3d 1100 [2010]; *Montesinos v Cote*, 46 AD3d 774 [2007]; *Williams v Persaud*, 19 AD3d 686 [2005]). Accordingly, the Supreme Court properly denied the respective motions of the plaintiff and the defendants Jean Herick Pierre and Future Cab Corp., pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as found that Nwankwo was not negligent as against the weight of the evidence. Dickerson, J.P., Hall, Austin and Miller, JJ., concur.