■ Frank Thomas, Appellant, v Independence Carting, Inc., et al., Respondents. [943 NYS2d 596]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Partnow, J.), dated March 1, 2011, which, upon the granting of the motion of the defendants MCL Services, Corp., and Hamady Elsayed pursuant to CPLR 4401, made at the close of evidence, in effect, for judgment as a matter of law, and upon a jury verdict in favor of the defendants Independence Carting, Inc., and Dasimir Kaja and against him, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the jury verdict, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff testified that, while he was traveling northbound

on Third Avenue in Manhattan, his vehicle collided with a garbage truck driven by the defendant Dasamir Kaja and owned by the defendant Independence Carting, Inc. (hereinafter Independence Carting). The garbage truck had been traveling eastbound on East 112th Street. The plaintiff and Kaja both testified that they had a green light when entering the intersection. Following the collision, the plaintiff's vehicle allegedly was struck from behind by a Lincoln Navigator driven by the defendant Hamady Elsayed and owned or leased by the defendant MCL Services, Corp. (hereinafter MCL). The Supreme Court granted the motion of MCL and Elsayed pursuant to CPLR 4401, made at the close of evidence, in effect, for judgment as a matter of law. In addition, the jury found that Kaja and Independence Carting were not at fault in the happening of the accident and the Supreme Court denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict.

The Supreme Court properly granted the motion of MCL and Elsayed pursuant to CPLR 4401, in effect, for judgment as a matter of law. The plaintiff presented no evidence from which a jury could have concluded that Elsayed was the driver, or MCL the owner, of the Lincoln Navigator that allegedly collided with the plaintiff's vehicle following the plaintiff's collision with the garbage truck. Consequently, there was no rational process by which a jury could have found Elsayed or MCL at fault in the happening of the accident (*see Miller v Bah*, 74 AD3d 761, 763 [2010]; *Gomez v Casiglia*, 67 AD3d 965, 966 [2009]).

The plaintiff's contention that the Supreme Court should not have informed the jury that it had granted the motion of Elsayed and MCL for judgment as a matter of law is without merit.

The Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict, because the verdict was fully supported by the evidence and permissible inferences that could be drawn from that evidence (*see Liounis v New York City Tr. Auth.*, 92 AD3d 643 [2012]; *Bonny v Pierre*, 91 AD3d 694, 695 [2012]). Any conflict between the testimony of Kaja and the plaintiff presented a credibility issue for the jury.

The plaintiff's remaining contentions pertain to matters that are dehors the record and, therefore, they will not be considered on this appeal (*see Krzyanowski v Eveready Ins. Co.*, 28 AD3d 613 [2006]). Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.