In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gargüilo, J.), dated February 14, 2012, as granted that branch of the plaintiffs motion which was pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff, an employee of the general contractor hired by the defendant to renovate a church building and parking lot, was sent to the work site to inspect a newly constructed retaining wall. Specifically, the plaintiff was assigned to check whether the capstones topping the wall were properly secured in place. The plaintiff checked the portion of the retaining wall that he was able to reach from the ground, finding that several of the capstones were loose. However, the plaintiff testified, there were portions of the wall that he was unable to reach from the ground. The plaintiff also testified that, in the absence of any safety devices enabling him to reach the higher portions of the wall, he scaled the wall in order to check the rest of the capstones. In the course of doing so, the plaintiff lost his footing and fell to the sidewalk below, sustaining injuries.
The plaintiff commenced this action, inter alia, to recover damages based upon a violation of Labor Law § 240 (1). At the close of all the evidence, the plaintiff moved pursuant to CPLR 4401 for judgment as a matter of law, and the trial court reserved decision on the motion. After the jury returned a verdict in favor of the defendant, the Supreme Court granted that branch of the plaintiff’s motion which was pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability.
Contrary to the defendant’s contention, this Court’s decision and order in a prior appeal, determining that questions of fact existed precluding summary judgment in the plaintiffs favor *897 (see Coates v Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Sts., 56 AD3d 599 [2008]), “did not decide that there necessarily would be established an issue of fact at the trial which would have to be determined by a jury” (Sackman-Gilliland Corp. v Senator Holding Corp., 43 AD2d 948, 949 [1974]; see S.L. Benfica Transp., Inc. v Rainbow Media, Inc., 13 AD3d 348, 349 [2004]; Persaud v City of New York, 307 AD2d 346, 347 [2003]; Kleartone Transparent Prods. Co. v Dun & Bradstreet, 118 AD2d 832, 833 [1986]; Zook v Hartford Acc. & Indem. Co., 64 AD2d 701, 702 [1978]). Accordingly, this Court’s determination on the summary judgment motion did not preclude the plaintiff from seeking judgment as a matter of law upon the close of evidence at trial, and did not require the automatic denial of such a motion (see S.L. Benfica Transp., Inc. v Rainbow Media, Inc., 13 AD3d at 349; Persaud v City of New York, 307 AD2d at 347).
The Supreme Court properly concluded, based upon the evidence adduced at trial, that the plaintiff was entitled to judgment as a matter of law on the issue of liability. To succeed on a motion for judgment as a matter of law pursuant to CPLR 4401, a party has the burden of showing that there is no rational process by which the jury could find in favor of the opposing party and against him or her (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Figueroa v City of New York, 101 AD3d 674 [2012]).
Here, no rational jury could have found that, in the conceded absence of any safety devices, the plaintiff could have performed the task assigned to him without scaling the wall. Contrary to the defendant’s contention, both the testimony of the plaintiff and of his expert, which were unrefuted, demonstrated that the plaintiff would not reasonably have been able to perform his task by lying on a grassy area that was located on the same level as the highest portion of the retaining wall, reaching through a fence, and, with his arm fully extended, lifting a 40-60 pound stone to determine whether it was secured in place. The plaintiffs unrefuted evidence also demonstrated that he would not have performed his job adequately if he had only checked a portion of the capstones on the wall. Since the evidence adduced at trial demonstrated that, in the absence of any safety devices, the plaintiff could not have performed the task assigned to him without scaling the wall, the absence of safety devices was a substantial factor in bringing about the plaintiffs injury (see Triola v City of New York, 62 AD3d 984, 986 [2009]). Further, “[w]here [as here] a violation of Labor Law § 240 (1) is a proximate cause of an accident, the plaintiffs conduct, of necessity, cannot be deemed the sole proximate cause” (Melchor v *898 Singh, 90 AD3d 866, 867 [2011]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]; Triola v City of New York, 62 AD3d at 986).
Accordingly, that branch of the plaintiffs motion which was pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability was properly granted. Skelos, J.E, Balkin, Austin and Sgroi, JJ., concur.