■ NEW YORK TILE WHOLESALE CORP., Appellant-Respondent, v THOMAS FATATO REALTY CORP. et al., Respondents-Appellants. [983 NYS2d 43]—

In an action, inter alia, to recover damages for breach of a lease, tortious interference with the lease, and for specific performance of a right of first refusal, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 22, 2012, as denied its renewed motion for summary judgment on the issue of liability on the first, second, and third causes of action, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied their renewed cross motion for summary judgment dismissing those causes of action.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In 1981, the plaintiff, as tenant, entered into an agreement with the defendant Thomas Fatato Realty Corp. (hereinafter Fatato Realty) to lease a portion of the subject property, which is owned by Fatato Realty. In 1986, the plaintiff entered into a new lease with Fatato Realty for additional space at the property. That lease contained a clause providing that "[i]n the event of a sale of this property, the tenant has the first right of refusal."

In October 2000, Fatato Realty transferred title to the property to the defendant Garden Estates, LLC (hereinafter Garden). Nonparty Shaya B. Developers, Inc., held a one-third membership interest in Garden, while the remaining two-thirds membership interest was held by nonparty R&I Garden Corp. (hereinafter R&I), an entity in which Fatato Realty held a 90% interest and a nonparty individual held the remaining 10% interest; thus, Fatato Realty indirectly held a 60% interest in Garden.

In December 2001, the plaintiff commenced this action against Fatato Realty and Garden, inter alia, for specific performance of the right of first refusal, and to recover damages for breach of the lease and tortious interference with the lease. Before any discovery was conducted, the plaintiff moved for summary judgment on those causes of action, and the defendants cross-moved for summary judgment dismissing those causes of action. In an order dated May 15, 2003, the Supreme

Court denied the plaintiff's motion and granted the defendants' cross motion, and the plaintiff appealed from, among other things, that order.

In a decision and order dated December 13, 2004, this Court, inter alia, determined that the plaintiff's motion and the defendants' cross motion should both have been denied as "premature," and granted leave to renew the motion and cross motion upon the completion of discovery (*see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp.*, 13 AD3d 425 [2004]). Additionally, this Court noted that while the transfer of title of the property to Garden "was not the equivalent of an outright 'sale' of the property to a third party in an arm's length transaction" because Fatato Realty maintained at least a "controlling interest" in the property, the plaintiff may be able to prevail by establishing that the defendants, "in bad faith, effected the [transfer] in order to redevelop and resell the property to third parties while precluding the plaintiff from acquiring it through the exercise of its right of first refusal" (*id.* at 428).

Following this Court's determination on the prior appeal, some discovery was conducted, which resulted in the disclosure of (1) a contract of sale, dated June 8, 2000, between Fatato Realty and nonparty City View Gardens, LLC (hereinafter City View), and (2) a Real Property Transfer Tax Return (hereinafter the RPT report). A nonparty individual held a one-third membership interest in City View, while the remaining two-thirds membership interest was held by R&I, in which Fatato Realty then held a 50% interest; thus, Fatato Realty did not hold a controlling interest in City View. The RPT return characterized the ultimate transfer of title to the property to Garden as an "arm's length" transaction and stated that the "percentage of interest transferred" was "100%."

Based on the new evidence, the plaintiff made a renewed motion for summary judgment on the causes of action for specific performance, and to recover damages for breach of the lease and for tortious interference with the lease. In support of the renewed motion, the plaintiff asserted, inter alia, that the City View contract triggered the right of first refusal because it demonstrated that Fatato Realty decided to sell the property before Garden was even formed, and no notice of the City View contract was provided to the plaintiff. The plaintiff also argued that the RPT return established that the ultimate transfer of title of the property to Garden was an arm's length "sale" that triggered the right of first refusal, and that no notice of that transaction was provided to the plaintiff.

The defendants made a renewed cross motion for summary judgment dismissing the aforementioned causes of action. In support of the renewed cross motion, Ronald Fatato, the president of Fatato Realty, asserted that the City View contract was "merely intended to be a placeholder until [Garden] was formed," and that "we never planned on transferring the property to City View." He also maintained that Garden was created for the purpose of taking title to and developing the property, that the transfer of title of the property to Garden constituted a capital contribution by Fatato Realty, and that Garden would repay Fatato Realty a total of $2,295,000 to reflect the excess value of the property over Fatato Realty's required proportionate capital contribution to Garden. Fatato added that he was neither a certified public accountant nor an attorney, and had merely indicated a "100%" transfer on the RPT return to reflect that "100% of the property was transferred to Garden," rather than a 100% interest.

In an order entered April 9, 2012, the Supreme Court denied the plaintiff's renewed motion for summary judgment and the defendants' renewed cross motion for summary judgment. The plaintiff appeals from so much of the order as denied its renewed motion, and the defendants cross-appeal from so much of the same order as denied their renewed cross motion.

Initially, contrary to the defendants' contention, this Court's determination on the prior appeal, which, inter alia, granted leave to renew the motion and cross motion for summary judgment upon the completion of discovery, did not constitute the law of the case so as to preclude the plaintiff from raising issues on its renewed motion for summary judgment based on newly discovered evidence (*see Allstate Ins. Co. v Liberty Lines Tr., Inc.*, 50 AD3d 712 [2008]; *Medric Constr. v J.W. Mays, Inc.*, 230 AD2d 832 [1996]).

However, contrary to the parties' contentions, the Supreme Court properly determined that neither the plaintiff nor the defendants were entitled to summary judgment with respect to the cause of action to recover damages for breach of the lease. The plaintiff and the defendants failed to eliminate triable issues of fact as to whether the defendants offered the property for sale to City View without notice to the plaintiff, or whether the City View contract was merely intended as a "placeholder," as Ronald Fatato claimed. " 'A right of first refusal is a right to receive an offer, and the grantor's failure or refusal to extend the holder the opportunity to exercise the right constitutes a breach' " (*Finlay v Huber*, 47 AD3d 883, 883 [2008], quoting *Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 60

[2003]). Although it is undisputed that the property was not ultimately transferred to City View, a party who holds a right of first refusal "must be given the opportunity to exercise the preemptive right" (*Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d at 59). Ronald Fatato's explanation for the City View contract merely raised an issue of credibility that cannot be resolved on a motion for summary judgment (*see Giraldo v Twins Ambulette Serv., Inc.*, 96 AD3d 903, 904 [2012]). Similarly, the RPT return submitted by the plaintiff raised triable issues of fact as to whether the defendants concealed the true nature of the transfer of title to Garden, or merely made good faith errors in completing the RPT return (*cf. Gagen v Kipany Prods., Ltd.*, 27 AD3d 1042, 1044 [2006]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's renewed motion which was for summary judgment on the cause of action to recover damages for breach of the lease, and that branch of the defendants' renewed cross motion which was for summary judgment dismissing that cause of action.

The Supreme Court also properly determined that neither the plaintiff nor the defendants were entitled to summary judgment with respect to the cause of action seeking specific performance. The evidence the defendants relied on in support of that branch of their cross motion which was for summary judgment dismissing that cause of action failed to "affirmatively demonstrate" that the plaintiff was not ready, willing, and able to purchase the property (*River Ridge Living Ctr., LLC v ADL Data Sys., Inc.*, 98 AD3d 724, 726 [2012] [internal quotation marks omitted]). On that branch of its motion which was for summary judgment on its cause of action for specific performance, the plaintiff failed to establish, prima facie, that it was ready, willing and able to purchase the property (*see Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d at 61).

In addition, as the Supreme Court correctly concluded, given the ambiguity in the parties' agreement regarding the scope of the right of first refusal, issues of fact exist as to whether that right covered only the leased portion of the property or the entire property (*see Himmelberger v 40-50 Brighton First Rd. Apts. Corp.*, 94 AD3d 817, 818 [2012]; *Rapp v 136 Oak Dr. Assoc.*, 70 AD3d 914, 916 [2010]).

The parties' remaining contentions are without merit. Rivera, J.P., Leventhal, Chambers and Lott, JJ., concur.