■ Mariana Vasconcello, Appellant, v Lee Lam, Respondent, et al., Defendant. [49 NYS3d 473]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Nahman, J.), dated June 19, 2015, which granted the oral application of the defendant Lee Lam pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against him.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Lee Lam.

The plaintiff commenced this action to recover damages for personal injuries against the defendant Lee Lam and another. At the close of the plaintiff's case at a jury trial, Lee Lam made an oral application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against him. In the order appealed from dated June 19, 2015, the Supreme Court granted Lee Lam's oral application. The plaintiff appeals.

The Supreme Court properly granted Lee Lam's oral application pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against him. A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted when the trial court determines that, upon the evidence presented, there is "no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Tapia v Dattco, Inc.*, 32 AD3d at 844 [internal quotation marks omitted]; *see Szczerbiak v Pilat*, 90 NY2d at 556). Here, viewing the evidence in the light most favorable to the plaintiff, there is no rational process by which the jury could find in favor of the plaintiff and against Lee Lam. The plaintiff failed to present evidence that Lee Lam either created or had actual or constructive notice of the allegedly dangerous condition (*see Townsend v City of New York*, 306 AD2d 401 [2003]).

The plaintiff's remaining contention is not properly before us

on this appeal (*see Leiner v Howard's Appliance of Commack*, 104 AD2d 634, 635 [1984]). Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.