In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Baily-Schiffman, J.), dated September 15, 2014, which, upon the granting of the defendants’ motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff’s case, is in favor of the defendants and against him, in effect, dismissing the complaint.
 

 Ordered that the judgment is affirmed, with costs.
 

 The plaintiff was a construction worker who allegedly slipped on water on a staircase in a building being converted into condominiums, and fell as the result of the lack of a handrail. The plaintiff commenced this action against the defendants Hudson Street, LLC (hereinafter Hudson), and Cogswell Realty Group, LLC (hereinafter Cogswell). Hudson was the sponsor of the condominium conversion, and Cogswell allegedly was the property manager of the subject premises. At the conclusion of the plaintiff’s case at trial, the Supreme Court granted the defendants’ motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.
 

 “A trial court’s grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmov-ing party” (Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; see Estate of Gen Yee Chu v Otsego Mut. Fire Ins. Co., 148 AD3d 677 [2017]; Geeta Temple-Ashram v Satyanandji, 142 AD3d 1132, 1134 [2016]). In considering such a motion, “the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant” (Szczerbiak v Pilat, 90 NY2d at 556).
 

 Here, the Supreme Court properly granted the defendants’ motion on the basis that the plaintiff failed to offer evidence that Hudson owned or had control of the subject premises (see Slavin v Village of Sleepy Hollow, 150 AD3d 924 [2017]) and also failed to offer evidence as to the actual responsibilities of Cogswell (see Davis v Prestige Mgt. Inc., 98 AD3d 909 [2012]; Vushaj v Insignia Residential Group, Inc., 50 AD3d 393 [2008]; Ioannidou v Kingswood Mgt. Corp., 203 AD2d 248, 249 [1994]).
 

 The plaintiff’s contention that the Supreme Court’s prior denial of the defendants’ motion for summary judgment dismissing the complaint precluded dismissal at the conclusion of the plaintiff’s case at trial is without merit (see Coates v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts., 104 AD3d 896, 896-897 [2013]; S.L. Benfica Transp., Inc. v Rainbow Media, Inc., 13 AD3d 348, 349 [2004]; Sackman-Gilliland Corp. v Senator Holding Corp., 43 AD2d 948, 949 [1974]).
 

 The plaintiff’s remaining contentions either need not be reached in light of our determination or are without merit.
 

 Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.