Ebaid v Walsh (2022 NY Slip Op 07438)

Ebaid v Walsh

2022 NY Slip Op 07438

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-01051
 (Index No. 711185/16)

[*1]Emad Ebaid, appellant, 
v
Fursey R. Walsh, respondent, et al., defendants.

John J. Ciafone, Astoria, NY, for appellant.
Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim and Gerard Ferrara of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered January 10, 2020. The judgment, insofar as appealed from, upon the granting of the application of the defendant Fursey R. Walsh pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against him, made at the close of the plaintiff's case on the issue of liability, is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of an automobile accident. The plaintiff alleged in the complaint, among other things, that he was injured when a vehicle he was driving was struck in the rear by the defendants' vehicle. The defendants served an answer, inter alia, denying the material allegations of the complaint. By order dated August 4, 2017, the Supreme Court directed dismissal of the complaint insofar as asserted against all of the defendants except the defendant Fursey R. Walsh, and the case proceeded to a jury trial against Walsh. At the trial, the plaintiff testified that on the date in question, the vehicle he was driving was struck in the rear. However, the plaintiff testified that he did not remember anything after the impact and that he did not remember who struck his vehicle in the rear, or the color of the vehicle that struck his vehicle.
After the plaintiff testified, he rested his case without calling another witness or introducing any other evidence. Walsh then made an application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against him on the ground that there was no evidence placing Walsh at the scene of the accident, and no basis to hold Walsh liable for the happening of the accident. The Supreme Court granted Walsh's application, and a judgment was entered, inter alia, dismissing the complaint insofar as asserted against Walsh. The plaintiff appeals.
The Supreme Court properly granted Walsh's application pursuant to CPLR 4401, made at the close of the plaintiff's case on the issue of liability, for judgment as a matter of law [*2]dismissing the complaint insofar as asserted against him. "A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted when the trial court determines that, upon the evidence presented, there is 'no rational process by which the jury could find in favor of the nonmoving party'" (Vasconcello v Lam, 148 AD3d 759, 760, quoting Tapia v Dattco, Inc., 32 AD3d 842, 844; see Szczerbiak v Pilat, 90 NY2d 553, 556). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (PAS Tech. Servs., Inc. v Middle Vil. Healthcare Mgt., LLC, 92 AD3d 742, 744 [internal quotation marks omitted]; see Szczerbiak v Pilat, 90 NY2d at 556). Here, viewing the evidence in the light most favorable to the plaintiff, there is no rational process by which the jury could find Walsh at fault in the happening of the accident. The plaintiff presented no evidence from which the jury could have concluded that Walsh was the owner or operator of the vehicle that allegedly collided with the plaintiff's vehicle (see Thomas v Independence Carting, Inc., 95 AD3d 996, 997; Miller v Bah, 74 AD3d 761, 763; Gomez v Casiglia, 67 AD3d 965, 966).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court