Bartnick v Consolidated Edison Co. of N.Y., Inc.
2026 NY Slip Op 03939
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jason P. Bartnick, appellant,
v
Consolidated Edison Company of New York, Inc., et al., defendants, City of New York, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2023-12421, (Index No. 9086/12)
Angela G. Iannacci, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Bailey Law, P.C. (Anthony V. Gentile, Brooklyn, NY, of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (Melanie T. West, Philip W. Young, and Alex Fumelli of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a clerk's judgment of the Supreme Court, Kings County, entered November 15, 2023. The judgment, insofar as appealed from, upon, in effect, denying the plaintiff's application pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant City of New York and granting the application of the defendant City of New York pursuant to CPLR 4401 for judgment as a matter of law dismissing that cause of action insofar as asserted against it, is in favor of the defendant City of New York and against the plaintiff, in effect, dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant City of New York.
ORDERED that the clerk's judgment is affirmed insofar as appealed from, with costs.
The plaintiff, a Verizon employee, was performing work on a public street to repair damaged telephone lines while employees of the defendants Consolidated Edison Company of New York, Inc., and Consolidated Edison, Inc. (hereinafter together ConEd), were working nearby to repair electrical cables. As a result of an electrical explosion in connection with the ConEd employees' work, an electrical cable fell to the ground, and struck the plaintiff.
The plaintiff commenced this personal injury action against the defendant City of New York, among others, alleging, inter alia, a violation of Labor Law § 240(1). The case proceeded to trial. At the conclusion of the evidence, the plaintiff made an application pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the City and the City made an application pursuant to CPLR 4401 for judgment as a matter of law dismissing that cause of action insofar as asserted against it. The Supreme Court, in effect, denied the plaintiff's application and granted the City's application. A clerk's judgment was thereafter entered in favor of the City and against the plaintiff, among other things, in effect, dismissing the Labor Law § 240(1) cause of action insofar as asserted against the City.
"A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted [*2]when the trial court determines that, upon the evidence presented, there is no rational process by which the jury could find in favor of the nonmoving party" (Ebaid v Walsh, 211 AD3d 1015, 1016 [internal quotation marks omitted]; see Chicoine v Mendola, 233 AD3d 841, 843). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Ebaid v Walsh, 211 AD3d at 1016 [internal quotation marks omitted]).
Initially, contrary to the plaintiff's contention, the Supreme Court's denial of a prior motion by the City, inter alia, for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it, which was based on the evidence presented on that motion, did not preclude dismissal of the Labor Law § 240(1) cause of action as a matter of law at the conclusion of the evidence presented at trial (see Zebzda v Hudson St., LLC, 156 AD3d 851, 852; Coates v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts., 104 AD3d 896, 896-897).
Viewing the evidence in the light most favorable to the plaintiff, there was no rational process by which the jury could have found the City liable for a violation of Labor Law § 240(1). "The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do not encompass any and all perils that may be connected in some tangential way with the effects of gravity" (Merlo v 49 Grove Realty, LLC, 239 AD3d 727, 728 [internal quotation marks omitted]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). With respect to falling objects, "a plaintiff must show more than simply that an object fell, thereby causing injury to a worker. A plaintiff must show that, at the time the object fell, it was being hoisted or secured, or that the falling object required securing for the purposes of the undertaking" (Merlo v 49 Grove Realty, LLC, 239 AD3d at 729 [internal quotation marks omitted]; see Simmons v City of New York, 165 AD3d 725, 727). Here, the trial evidence established, as a matter of law, that the plaintiff's injuries were not caused by an elevation-related or gravity-related risk within the scope of Labor Law § 240(1), as the electrical cable was propelled to the ground by an explosion and the electrical cable did not require securing for the purpose of the undertaking (see Merlo v 49 Grove Realty, LLC, 239 AD3d at 729; De Jesus v Metro-N. Commuter R.R., 159 AD3d 951, 952).
Accordingly, the Supreme Court properly granted the City's application pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it and properly, in effect, denied the plaintiff's application pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on that cause of action insofar as asserted against the City.
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court